UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOWARD COHAN,

    Plaintiff,

  v.

BENSENVILLE HOSPITALITY INC.,

    Defendant.

No. 15 CV 00214

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

This lawsuit stems from Howard Cohan's visit to the Country Inn & Suites Chicago O'Hare South, owned by Bensenville Hospitality Inc. Cohan sued Bensenville Hospitality for violating Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, and now moves for summary judgment. Cohan also moves for sanctions against Bensenville for evading service of process and failing to respond to pleadings.

For the following reasons, Cohan's motion for summary judgment is denied and Cohan's motion for sanctions is granted.

### I.  Summary Judgment

#### A.  Background

Bensenville Hospitality Inc. owns and operates the Country Inn & Suites Chicago O'Hare South. [39] ¶ 4.[1] Howard Cohan suffers from spinal stenosis, a

---

[1] Bracketed numbers refer to entries on the district court docket.

qualified disability under the ADA. [47-1] ¶ 1. On November 4, 2014,[2] Cohan visited the Country Inn & Suites in both his personal capacity and as an ADA "tester." [41-1] ¶ 10; [47-1] ¶ 3; [52] ¶ 14. He was accompanied by Giovannia Paloni, an architect familiar with ADA standards and regulations. [41-2] ¶¶ 1–4. Cohan did not register at or check into the hotel. [52] ¶ 14.[3] After his visit, Cohan brought suit against Bensenville Hospitality for non-compliance with ADA regulations.

According to Cohan and Paloni, the hotel did not have a designated handicap van accessible parking space, the designated handicap accessible parking spaces were only 91 inches wide, the pool and Jacuzzi did not have two means of entry for persons with disability, and the lobby counter heights exceeded 36 inches. [47-1] ¶¶ 5–8. According to Shailesh Shah, the owner and general manager of Bensenville Hospitality, there were two handicap van accessible parking spaces, the designated handicap accessible parking spaces were 96 inches wide, and the lobby counters had hidden rollout counters that were 36 inches in height. [47-1] ¶¶ 5–6, 8; [52] ¶¶ 15–17. Bensenville Hospitality does not dispute that the pool and Jacuzzi did not have two means of entry. [47-1] ¶ 7. The owner also stated that the hotel was certified by the Village of Bensenville and the State of Illinois to be ADA compliant when it was built in 2003, and that no alterations had been made since then. [52] ¶¶ 12–13.

---

[2] Cohan's Local Rule 56.1 Statement states that the visit was November 14, 2014, but Cohan and Paloni's affidavits state that the visit was November 4, 2014. *See* [41-1] ¶ 3; [47-1] ¶ 3; *compare* [41-1] ¶ 3; [41-2] ¶ 2.

[3] Because Cohan did not check into the hotel, Bensenville Hospitality argues that Cohan was never actually on the premises. But Bensenville Hospitality has pointed to no evidence in the record to dispute that Cohan visited the premises, albeit without checking in.

Cohan argues that the owner's testimony is inadmissible for lack of personal knowledge and lack of foundation regarding his opinions. The owner's affidavit, however, states that all the facts asserted are within his personal knowledge, [47-2] ¶ 1, and he does not offer any opinion testimony on ADA compliance (as Cohan asserts), but states various facts relating to when the hotel was built, the lack of subsequent alterations, its initial ADA certification, the existence and measurements of handicap parking spaces, and details regarding counter heights. In addition to his statement of personal knowledge, it can reasonably be inferred that the owner and general manager of the hotel has personal knowledge of these facts. As the nonmovant, defendant is entitled to have reasonable inferences drawn in its favor. The owner's testimony is admissible at summary judgment.

### B. Legal Standards

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### C. Standing

To establish standing under Article III of the Constitution, a plaintiff must show (1) an injury in fact, which must be concrete and particularized, actual and

imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) redressability. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Title III of the ADA authorizes injunctive relief but not money damages for past harms, *see* 42 U.S.C. § 12188(a) and *Scherr*, 703 F.3d at 1075, and Bensenville Hospitality argues that Cohan cannot show the requisite injury in fact. A showing of past injury under the ADA, combined with reasonable inferences that the discriminatory treatment will continue and that the plaintiff intends to the return to the public accommodation in the future, can be used to establish injury in fact. *Scherr*, 703 F.3d at 1074 (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). Bensenville Hospitality offers two reasons to show that Cohan lacks standing: (1) Cohan cannot show past injury because he never checked in and "availed himself" of the premises at Country Inn & Suites, and (2) Cohan cannot show future injury because he is a Florida resident ([9] ¶ 3) and stated only a vague intention to return to the hotel.

Bensenville Hospitality cites no authority for the proposition that Article III requires a plaintiff to have been a checked-in guest to have been injured by a hotel's conduct. Such a rule makes no sense because one could conceive of an injury in being denied access to check-in services in the first place. Cohan's testimony that he was unable to use the hotel's facilities is a concrete past injury. But to establish injury in fact when seeking prospective injunctive relief under the ADA, a plaintiff must allege a "real and immediate" threat of future violations of their rights.

4

*Scherr*, 703 F.3d at 1074 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Because past exposure to illegal conduct does not itself show a present case or controversy, a plaintiff cannot establish an injury in fact by merely professing a general intent to return to the place of injury, without any description of concrete plans or timing. *Id.* (citing *Lujan*, 504 U.S. at 564).

Where, as here, the public accommodation is far from the plaintiff's home, a plaintiff can establish standing by demonstrating an intent to return to the area where the public accommodation is located and a desire to visit if the premises were made accessible. *See, e.g., Scherr*, 703 F.3d at 1074–75; *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). Cohan said that over the last ten years, he has visited the Chicago area on average three times a year for business and personal reasons, that he stays in a hotel when he visits, and that (at the time the affidavit was filed), he was planning to return to Chicago within the next 30 days and would stay at the Country Inn & Suites if it were made accessible. [50-1] ¶¶ 2–7. Cohan's affidavit could have provided more detail to flesh out his travel history and particular intention to return to the Country Inn & Suites. *Compare D'Lil*, 538 F.3d at 1037–39; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008). But Cohan's affirmative desire to stay at the hotel (but for the alleged violations) during his return to Chicago indicates a concrete, present plan sufficient to provide standing—especially when buttressed with his past travel history to Chicago. *See Scherr*, 703 F.3d at 1074–75 (plaintiff had standing to sue hotel for ADA violations "[g]iven [her] past travel history and her affirmative desire

5

to stay at the hotel but for the alleged violations"); *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211–12 (10th Cir. 2014) (plaintiff had standing to sue mall store away from her home where she stated that she would return to the store at least six times per year).

**D.     ADA Claim**

Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation. *Scherr*, 703 F.3d at 1076 (citing 42 U.S.C. §§ 12181–89). Discrimination under Title III includes: "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities;" "a failure to design and construct facilities . . . that are readily accessible to and usable by individuals with disabilities;" and "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities." 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12183(a). The parties do not dispute that Cohan has a disability or that Bensenville Hospitality owns and operates the Country Inn & Suites, a place of public accommodation. Instead, they dispute whether the Bensenville Hospitality violated ADA accessibility standards for handicap parking spaces, lobby counter heights, and the pool and Jacuzzi entry. Genuine issues of material fact preclude summary judgment for Cohan on this issue.

Congress delegated responsibility to the Department of Justice to issue regulations consistent with guidelines put forth by the Architectural and Transportation Barriers Compliance Board, which are called "ADA Accessibility

Guidelines" (ADAAG). The Department of Justice issued a set of Title III enforcement regulations in 1991 (the 1991 Standards), and the Board issued revisions to the ADAAG in 2004. In 2010, DOJ adopted the 2004 ADAAG revisions into its regulations (the 2010 Standards). Compliance with the 2010 Standards became mandatory for new construction and renovations in 2012, but prior to that date, covered entities could comply with either the 1991 or 2010 standards. *See Scherr*, 703 F.3d at 1076; 28 C.F.R. § 36 *et seq*.[4]

There are issues of fact over the availability and accessibility of the handicap parking spaces at the Country Inn & Suites. Cohan and Paloni state that there were no van accessible handicap parking spaces and that the designated handicap parking spaces were only 91 inches wide. The manager, Shah, states that there were two designated handicap accessible parking spaces, and that the designated handicap parking spaces were 96 inches wide. "[S]ummary judgment cannot be used to resolve swearing contests between litigants." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Cohan's assertion that his and Paloni's statements are entitled to greater weight because they are accompanied by photos would require credibility determinations and weighing the evidence, which is inappropriate at summary judgment. *See id.* (citing *Anderson*, 477 U.S. at 255).

---

[4] The 1991 Standards and 2010 Standards are available at http://www.ada.gov/1991standards/adastd94-archive.pdf (last visited May 11, 2016) and at http://www.ada.gov/regs2010/2010ADAStandards/2010ADAStandards.pdf (last visited May 11, 2016), respectively.

There are also issues of fact over the accessibility of the lobby counters. Although it is undisputed that the counters exceed 36 inches in height, Bensenville Hospitality has set forth evidence indicating that there are hidden rollout counters that are 36 inches in height. Cohan argues that he is still entitled to summary judgment because photos show that the hidden rollout counters double the depth of the service counter, which Cohan argues is improper under ADAAG § 904.4. But there are no facts in the record regarding the depth of the rollout counters. Moreover, if the accessible portion of the service counter is the same depth as the non-accessible portion, it might meet the requisite ADA standards. The 1991 Standards for service counters do not specify a required depth and indicate that an entity can provide an equivalent facilitation, which at a hotel might consist of a "folding shelf attached to the main counter." 1991 Standards § 7.2(2). And the 2010 Standards state that "[t]he *accessible* portion of the counter top shall extend the same depth as the sales or service counter top." 2010 Standards § 904.4 (emphasis in original).

And finally, although Bensenville Hospitality does not dispute that the pool and Jacuzzi do not have two accessible means of entry, that requirement is not in the 1991 Standards. There is a genuine issue of material fact over whether the hotel was subject to the 2010 Standards (which require two means of accessible entry into a pool), or the 1991 Standards (which do not) because the hotel was built in 2003

8

and not altered since its construction. [52] ¶¶12–13.[5] *See* 28 C.F.R. § 36, App. A & B.

Because genuine issues of material fact exist, Cohan is not entitled to summary judgment on his ADA claim.

## II. Sanctions

Cohan moves for an award of attorney's fees and costs as a sanction under Federal Rule of Civil Procedure 11 for Bensenville Hospitality's evasion of service of process and failure to respond to pleadings. Bensenville Hospitality responds that it was always Cohan's burden, as plaintiff, to achieve service and that Bensenville Hospitality was within the bounds of the law in requiring proper service of process.

Although the parties focus on Rule 11, it not the appropriate source of authority for sanctions for evading service of process or failing to respond to pleadings. By its terms, Rule 11 sanctions must be triggered by "presenting" to the court "a pleading, written motion, or other paper" which is signed, filed, submitted, or advocated. Fed. R. Civ. P. 11(b). Evading service and not timely responding are not "presenting" papers. *See, e.g., Ali v. Tolbert*, 636 F.3d 622, 626–27 (D.C. Cir. 2011) (Rule 11 sanctions could not be imposed on defendant for evading service of process and failing to answer the complaint because this conduct was not related to

---

[5] Cohan response to these statements of fact is that he "lacks sufficient knowledge to respond" and therefore "denies" these facts. Under Local Rule 56.1, statements not controverted by a citation to the record are deemed admitted. Cohan's reply brief is accompanied by unauthenticated TripAdvisor reviews of the Country Inn & Suites referring to hotel renovations, but this evidence does not conclusively establish Cohan's entitlement to judgment as a matter of law. At most, it undermines the credibility of the manager's claim, making it an issue for trial.

9

the defendant's representations in court). The more appropriate source for sanctions in this instance is under the court's inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Sanctions pursuant to the court's inherent power "are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.*; *see also Ali*, 636 F.3d at 627 (district courts have the inherent authority to sanction evasion of service).[6]

Here, Bensenville Hospitality litigated in bad faith by deliberately evading service of process, even after its attorney appeared in the case, and failing to timely respond to pleadings. Cohan attempted to serve the complaint on the hotel's front desk manager in February 2015. [11]. In early April 2015, a few days before the initial status hearing was scheduled, Bensenville Hospitality's attorney filed an appearance and requested an extension to file a responsive pleading, but noted in the motion that Bensenville Hospitality was "[r]eserving its rights to contest service." [14]; [16] at 1. Although Bensenville Hospitality was granted an extension until May 6, 2015, to file a responsive pleading, nothing was filed. Cohan then moved for entry of default judgment and sanctions. [19]. The day before the hearing on the motions for default and for sanctions, Bensenville Hospitality moved to quash service and to dismiss the complaint for insufficient service of process. [21].

---

[6] Bensenville Hospitality was given notice that the court was considering sanctions under its inherent authority. [38].

Bensenville Hospitality's attorney declined to accept service of process, and a briefing schedule was set for Bensenville Hospitality's motion to dismiss. [24].

In the meantime, the sheriff was unable to serve Bensenville Hospitality's registered agent, Priyanka Shah, who resided in a gated community secured by a 16-foot high electronic fence. [25-1]. Cohan filed an opposition to Bensenville Hospitality's motion to dismiss, but Bensenville Hospitality never filed a reply. The motion to dismiss was denied on July 8, 2015; because proper service on Bensenville Hospitality had not yet been accomplished, Cohan was given an extension until September 9, 2015. [29].

Cohan hired special process servers, who made 16 unsuccessful attempts to serve Bensenville Hospitality's registered agent, Priyanka Shah. They were denied entry to the complex, and on at least one occasion, entry was denied by an individual who did not deny that she was Priyanka Shah. *See* [30-3]. In August 2015, Cohan was granted permission serve Bensenville Hospitality by publication. [32]. Cohan then served Bensenville Hospitality in early September and shortly thereafter moved for sanctions. [34]. When Bensenville Hospitality failed to answer within 21 days after being served with the complaint, Cohan again moved for default judgment. [36]. At the hearing on the motions for default and for sanctions, Bensenville Hospitality requested an extension to file an answer, blaming a calendaring error for its failure to timely respond and asking for the case to be addressed on its merits rather than holding Bensenville Hospitality strictly to the filing deadline. As was noted at the hearing, all of Bensenville Hospitality's actions

11

leading up to that point had been designed to avoid addressing the case on the merits. The motion for default was nearly granted because Bensenville Hospitality had spent months evading proper service, even after hiring an attorney, and had avoided the merits. Bensenville Hospitality was given until midnight that day to answer the complaint or face entry of an order of default. Bensenville Hospitality filed an answer that day (September 30, 2015) so the motion for default was denied. The motion for sanctions was entered and continued. [40].

Bensenville Hospitality argues that a defendant need not waive service and is entitled to enforce proper service requirements. But neither can a defendant deliberately evade service (while represented by counsel appearing in court) and then further abuse the judicial process by failing to timely respond to pleadings and avoiding the merits. Bensenville Hospitality's deliberate evasion of service, compounded with its failure to timely respond to pleadings, was in bad faith. An award of Cohan's attorney fees and costs for service and for filing a motion for default is a sanction proportional to Bensenville Hospitality's conduct—indeed, it is a lesser sanction than granting either of Cohan's previous motions for default judgment. Cohan is awarded $2,325 in attorney's fees and $133 in costs, for a total of $2,458.

## III. Conclusion

Cohan's motion for summary judgment [41] is denied. Cohan's motion for sanctions [34] is granted. Bensenville Hospitality shall pay Cohan $2,458 by June 10, 2016. A status hearing is set for May 25, 2016.

ENTER:

                                                           Manish S. Shah
                                                         United States District Judge

Date: 5/11/16